902 F.2d 33
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Junior Ray HOSKINS, Plaintiff-Appellant,
v.
Gale DOLES, Defendant-Appellee.
 No. 88-5899.
 United States Court of Appeals, Sixth Circuit.
 April 24, 1990.
 
 Before RALPH B. GUY, Jr., and BOGGS, Circuit Judges; and PAUL V. GADOLA, District Judge*
 PER CURIAM.
 
 
 1
 Plaintiff, Junior Ray Hoskins, appeals from the district court's order granting summary judgment in favor of the defendant in this prisoner civil rights action. The plaintiff filed this 42 U.S.C. Sec. 1983 action for damages and other relief against the defendant, Gale Doles, who is a corrections officer at the Kentucky State Penitentiary. The plaintiff claimed that the defendant violated his eighth amendment rights by using excessive force in restraining him. On appeal, the plaintiff alleges that the district court erred in its determination of the issues of wantonness and bad faith. Finding that the court's entry of summary judgment was appropriate, we affirm.
 
 I.
 
 2
 The plaintiff is an inmate at the Kentucky State Penitentiary, Eddyville, Kentucky. On May 1, 1987, the plaintiff was moved from his cell to the behavioral control unit (BCU) after he had created a disturbance. Because the plaintiff had attempted suicide several times in the past and because he had just cut his left wrist, the corrections officers made a body search of Hoskins after he arrived at the BCU. They ordered the plaintiff to open his mouth so that they could search for razor blades or other instrumentalities that would cause a threat to the officers or to the plaintiff. Hoskins complied, but he did not open his mouth wide enough. The officers ordered the plaintiff to open his mouth again, and he refused. On at least two occasions, officers tried to pry the plaintiff's mouth open, at which time Hoskins spat upon the officers. The defendant sprayed the plaintiff with mace each time he spat on an officer.
 
 
 3
 The officers showered the plaintiff to remove the mace from his body. They also offered him medical treatment, which he refused. In the days following this incident, Hoskins developed severe blistering, burning, and swelling in the areas where the mace had been sprayed. He also claims to have suffered mental damage as a result of the incident.
 
 
 4
 Hoskins filed this action on November 18, 1987, claiming that the defendant violated the eighth amendment prohibition against cruel and unusual punishment. Adopting the recommendation of a magistrate, the district court granted summary judgment in favor of the defendant.
 
 II.
 
 5
 Our review of the district court's grant of summary judgment is de novo. "Summary judgment is appropriate '[w]here the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the nonmoving party, do not raise a genuine issue of material fact for trial." McKee v. Cutter Laboratories, Inc., 866 F.2d 219, 220 (6th Cir.1989) (quoting Gutierrez v. Lynch, 826 F.2d 1534, 1536 (6th Cir.1987)). Upon consideration, we find that there is no genuine issue of material fact; thus, the disposition of this matter by summary judgment was appropriate.
 
 
 6
 The plaintiff asserts that excessive force was used to restrain him and that the use of mace was unnecessary because he was already handcuffed and held on the floor by the corrections officers. He neither denies that he was creating a disturbance nor that he continued to struggle after reaching the BCU. Hoskins also claims that he suffers from "bi-polar psychosis" and that the defendant should have known that the mace would agitate Hoskins further rather than subdue him.
 
 
 7
 This case is governed by the standards set forth by the Supreme Court in Whitley v. Albers, 475 U.S. 312 (1986). In Whitley, the Court stated that, to constitute cruel and unusual punishment, conduct must go beyond ordinary lack of due care for the prisoner's interests or safety. The standard for evaluating conduct like that involved in this case is as follows:
 
 
 8
 It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause.... The infliction of pain in the course of a prison security measure, therefore, does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense.
 
 
 9
 * * *
 
 
 10
 * * *
 
 
 11
 Where a prison security measure is undertaken to resolve a disturbance, such as occurred in this case, that indisputably poses significant risks to the safety of inmates and prison staff, we think the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Johnson v. Glick, 481 F.2d 1028, 1033 (CA2) (Friendly, J.), cert. denied sub nom. John v. Johnson, 414 U.S. 1033 (1973).
 
 
 12
 Id. at 319, 320-21.
 
 
 13
 Applying this standard and viewing the evidence in the light most favorable to the plaintiff, the conduct of the defendant in this case clearly did not constitute cruel and unusual punishment. There is no evidence that the defendant maced the plaintiff for the purpose of causing harm. Instead, the defendant acted with the safety of the other officers and the plaintiff in mind. Moreover, there is no evidence that defendant Doles knew the plaintiff was suffering from "bi-polar psychosis."
 
 
 14
 Under the circumstances, the defendant's actions were reasonable and fell within the wide-ranging deference accorded to prison personnel in the adoption and execution of practices needed to "preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 547 (1979).
 
 
 15
 The district court correctly concluded that no reasonable inference could be drawn from the evidence that would indicate that the defendant's actions were wanton or in bad faith.
 
 
 16
 AFFIRMED.
 
 
 
 *
 Honorable Paul V. Gadola, United States District Court for the Eastern District of Michigan, sitting by designation